UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **SEAN L. HARTFIELD**, | Civil Case No. 3:11-CV-00100-KI |
| Plaintiff, | OPINION AND ORDER ON MOTION FOR NEW TRIAL |
| v. | |
| **LEO BESNER, individually, WILLIE HALLIBURTON, SGT. PETER MAHUNA, CITY OF PORTLAND, a political subdivision of State of Oregon, and John Doe Supervisors #1-5**, | |
| Defendants. | |

Sean L. Hartfield
Hartfield Law Offices PC
6019 NE MLK Jr. Boulevard
Portland, OR 97211

　　　Pro Se Plaintiff

Page 1 - OPINION AND ORDER ON MOTION FOR NEW TRIAL

      J. Scott Moede
      Senior Deputy City Attorney
      Office of City Attorney
      1221 SW Fourth Avenue, Rm. 430
      Portland, OR 97204

           Attorney for Defendants

KING, Judge:

      Plaintiff Sean L. Hartfield brought an action under 42 U.S.C. § 1983 and state law alleging defendants violated his civil rights and acted in a tortious manner. I granted defendants' Motion for Summary Judgment in part and denied it in part. After a trial on the only remaining claim, Hartfield's Seventh Claim for Relief of False Imprisonment against Officer Leo Besner (for whom the City of Portland was responsible), a jury awarded Hartfield $5,000 in non-economic damages. Pending before me is Hartfield's Motion for New Trial [144]. For the following reasons, I deny the motion.

## BACKGROUND

      Hartfield owned a consignment store in Portland. He alleged claims against the City of Portland and three City of Portland police officers who responded to a 9-1-1 call that witnesses placed during an altercation between Hartfield and a customer, Danny Bell, at Hartfield's store. After my rulings on summary judgment, the remaining questions for trial were whether Officer Besner falsely imprisoned Hartfield, and if so, whether he had probable cause to do so, and any applicable damages Hartfield may have suffered.

      At trial, I concluded the existence of probable cause was a determination for the court since the parties concluded there were no factual issues to be decided by the jury. See Lukas v.

J.C. Penney Co., 233 Or. 345, 359, 378 P.2d 717 (1963). After the close of the evidence, I instructed the jury that I found Hartfield had met his burden on the first three elements of the false imprisonment claim as a matter of law: (1) Officer Besner confined Hartfield; (2) Officer Besner intended the act that caused the confinement; and (3) Hartfield was aware of the confinement. I also found as a matter of law the City had not met its burden in proving by a preponderance of the evidence that the confinement was not unlawful. See Ross v. City of Eugene, 151 Or. App. 656, 663, 950 P.2d 372 (1997) (citing Easton v. Hurita, 290 Or. 689, 691-92, 625 P.2d 1290 (1981)). I instructed the jury that I found as a matter of law Officer Besner arrested Hartfield and I found as a matter of law there was no probable cause to arrest plaintiff for the three crimes asserted by the City: disorderly conduct in the second degree, menacing, or assault in the second degree.

      I then instructed the jury about damages. I explained,

> Since I have found there was no probable cause to arrest plaintiff, your verdict is for plaintiff and you must determine plaintiff's damages. Plaintiff has the burden of proving damages by a preponderance of the evidence. Damages means the amount of money which will reasonably and fairly compensate the plaintiff for any injury you find was caused by the City of Portland. You should consider the mental, physical, and emotional pain and suffering experienced and which with reasonable probability will be experienced in the future.
>
> The plaintiff has the burden of proving damages by a preponderance of the evidence and it is for you to determine what damages, if any, have been proved.
>
> Your award must be based on evidence and not on speculation, guess work or conjecture.

Instr. No. 10 [140].

      In addition, at the City's request, I included an instruction about nominal damages as follows:

Page 3 - OPINION AND ORDER ON MOTION FOR NEW TRIAL

> The law which applies to this case authorizes an award of nominal damages. *If you find for plaintiff* but you find that the plaintiff has failed to prove damages as defined in these instructions, you must award nominal damages. Nominal damages may not exceed one dollar.

Instr. No. 12 (emphasis added).

The jury returned a verdict for Hartfield in the amount of $5,000. Hartfield contends I erred in giving the jury a nominal damages instruction and the instruction, as written, was confusing.

## LEGAL STANDARDS

Pursuant to Federal Rule of Civil Procedure 59(a)(1)(A), "The court may, on motion, grant a new trial on all or some of the issues–and to any party–. . . after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court[.]" Grounds for a new trial include: (1) a verdict against the clear weight of the evidence; (2) excessive damages; and (3) verdict based on false evidence or to prevent a miscarriage of justice. Silver Sage Partners v. City of Desert Hot Springs, 251 F.3d 814, 819 (9th Cir. 2001). The court may weigh the evidence, may evaluate the credibility of the witnesses, and is not required to view the evidence from the perspective most favorable to the prevailing party. Landes Constr. Co. v. Royal Bank of Canada, 833 F.2d 1365, 1371 (9th Cir. 1987).

A new trial should be granted "if, having given full respect to the jury's findings, the judge on the entire evidence is left with the definite and firm conviction that a mistake has been committed[.]" Id. at 1371-72 (citations omitted). To that end, then, "[j]ury instructions must fairly and adequately cover the issues presented, must correctly state the law, and must not be misleading. Prejudicial error results from jury instructions that, when viewed as a whole, fail to

fairly and correctly cover the substance of the applicable law." White v. Ford Motor Co., 312 F.3d 998, 1012 (9th Cir. 2002).

## DISCUSSION

As the City points out, Hartfield failed to submit a transcript from the trial reflecting any objections he made to the nominal damages instruction at that time. A transcript from the pretrial conference reflects that Hartfield objected to a nominal damages instruction believing his state false imprisonment claim did not require such an instruction. At that time, the City responded with a state case, McLean v. Sanders, 139 Or. 144, 147, 7 P.2d 981 (1932). Tr. 11-13 (Oct. 29, 2012) (#143). I found the City's authority persuasive. Hartfield did not make the argument then that he is making now. At trial, I remember Hartfield objecting to the nominal damages instruction, just before I read the instructions to the jury, but I have no specific recollection of what he said. I will assume without deciding, for purposes of resolving this motion, that he properly preserved the alleged error.

Hartfield argues Oregon law does not provide for a "preemptory" nominal damages instruction and, additionally, that my instruction was confusing to the jury and may have allowed jurors to disregard my instruction that Hartfield had prevailed on his false imprisonment claim.

With respect to his first issue, Hartfield asserts Oregon law does not provide for a "preemptory" nominal damages instruction, meaning an instruction that anticipates a jury's finding of no damages. I continue to find the City's authority persuasive. In McLean v. Sanders, a false imprisonment case, the Oregon Supreme Court found a new trial was warranted because a verdict found for plaintiff, but found no damages. The Court noted,

Page 5 - OPINION AND ORDER ON MOTION FOR NEW TRIAL

> A verdict in the instant case found for the plaintiff but failed to assess the amount of her recovery, expressly stating that she had suffered no damage. The gist of an action for false imprisonment is damage. Unless there was damage, the action cannot be maintained. The verdict as rendered is neither for the plaintiff nor for the defendants. If the jury had found that plaintiff had sustained nominal damages, only that would have been sufficient, but having found, in effect, as the verdict shows, that the imprisonment was unlawful, it was bound, under the statute, to find that the plaintiff had suffered at least nominal damages.

139 Or. at 146-47. Here, in an attempt to avoid the very problem identified by the Oregon Supreme Court, I instructed the jury on both non-economic damages and nominal damages; Hartfield did not allege any economic damages. I instructed on nominal damages because of my finding that the City had falsely imprisoned Hartfield, requiring the jury to award damages of some nature.

Hartfield takes issue with my instruction on nominal damages, suggesting the language "[i]f you find for plaintiff" contradicted the other instructions. Had Hartfield pointed this language out at trial, I would certainly have revised it to comport with the other instructions finding for plaintiff on the merits. Nevertheless, considering all of the instructions together, I find that they are not misleading and that they "fairly and adequately" identify the issue of damages for the jury. White, 312 F.3d at 1012.

In my mind, the best indication that the jury was not misled by this instruction is that the jury awarded damages in the amount of $5,000. Not only do the cases describe nominal damages as something "trivial," the nominal damages instruction I gave specifically directed the jury that "[n]ominal damages may not exceed one dollar." Frazee v. Brazda, 239 Or. 624, 627, 399 P.2d 346 (1965) ($25 not nominal damages where any damages were superficial); Instr. No. 12. As the City points out, where Hartfield's only damages were non-economic, and where the only

evidence of those damages came from Hartfield himself, I could not characterize the jury's award as "trivial."

In sum, there is no reason to grant a new trial in this case.

## CONCLUSION

Hartfield's Motion for an Order Setting Aside the Verdict and Judgment and Granting a New Trial on Damages [144] is denied.

IT IS SO ORDERED.

DATED this   14th   day of January, 2013.


            /s/ Garr M. King  
           Garr M. King  
           United States District Judge